UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| ANDREW AZURE, individually and on behalf of all others similarly situated,<br><br>v.<br><br>EAGLE OILFIELD RENTALS, LLC. | **Case No.**<br>Rule 23 Class Action<br>FLSA Collective Action |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Andrew Azure brings this lawsuit to recover unpaid overtime wages and other damages from Eagle Oilfield Rentals, LLC ("Eagle") under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

2. Azure and other similarly situated employees were flowback operators working at oilfield sites within the State of North Dakota, but were not paid for all the overtime hours they worked, as Eagle only paid a day rate for all hours worked.

3. This collective action seeks to recover the unpaid overtime wages and other damages owed to Eagle's employees under the FLSA.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events at issue occurred in this District.

6. Azure performed work for Eagle in this Judicial District.

### THE PARTIES

7. Azure worked for Eagle from approximately August 2018 to July 2019.

8. Azure was employed by Eagle as a flowback operator.

9. Azure was paid a day rate of $250 per day.

10. Azure was a non-exempt employee during his employment with Eagle.

11. Azure's written consent is attached as Exhibit A.

12. Azure represents a class of similarly situated workers under § 16(b) of the FLSA. *See* 29 U.S.C. § 216(b). This FLSA class is defined as:

> **Current and former flowback operators employed by Eagle Oilfield Rentals, LLC in the past three years who were paid a day rate for all hours worked.**

13. The FLSA Class Members are referred to as "Putative Class Members."

14. Eagle Oilfield Rentals, LLC. is an North Dakota limited liability company that does business in this District. It may be served by serving its registered agent for service of process, Mark W. Graff, 1001 69th St. NW, Minot, North Dakota, 58703.

## COVERAGE UNDER THE FLSA

15. At all relevant times, Eagle has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all relevant times, Eagle has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all relevant times, Eagle has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## FACTS

18. Eagle provides flowback services and rental equipment to oil and gas producers.

19. As part of its flowback services, Eagle employs flowback operators.

20. Eagle's flowback operators would, among other things, monitor wellbore pressure, flowback content, and equipment.

21. Azure worked for Eagle as a flowback operator focused on monitoring the treater unit on well sites.

22. Many of Eagle's flowback operators performed the same or substantially similar job duties as Azure.

23. All of Eagle's flowback operators were non-exempt and entitled to overtime premiums if they worked more than forty hours in a work week.

24. While exact job titles and job duties may slightly differ, Azure and the Putative Class Members were subjected to the same or similar illegal pay practices for similar work.

25. Specifically, Eagle paid Azure and the Putative Class Members the same day rate for all hours worked, even those in excess of 40 hours in a workweek.

26. Eagle controlled all the significant or meaningful aspects of the job duties performed by Azure and the Putative Class Members.

27. Eagle controlled the hours and locations Azure and the Putative Class Members worked, and the rate of pay received.

28. Azure and the Putative Class Members were all paid on day rate basis and consistently worked between 70 and 90 hours per week.

29. The Putative Class Members performed substantially similar job duties to Azure related to flowback operations.

30. The Putative Class Members also worked similar hours and were denied overtime premiums as a result of the same illegal pay practices experienced by Azure.

31. Instead of paying them overtime, Eagle paid Azure and the Putative Class Members the same day rate for all hours worked.

32. Eagle denied Azure and the Putative Class Members an overtime premium for any hours worked in excess of 40 hours in a single workweek.

33. Eagle's refusal to pay overtime policy was a clear violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

34. Azure incorporates all preceding paragraphs.

35. The illegal pay practices Eagle imposed on Azure were likewise imposed on the Putative Class Members.

36. Numerous other individuals who worked with Azure were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by the FLSA.

37. Thus, Eagle imposed a uniform practice or policy on Azure and the Putative Class Members regardless of any individualized factors.

38. Based on his experiences and tenure with Eagle, Azure is aware that Eagle's illegal practices were imposed on the Putative Class Members.

39. The Putative Class Members were not paid overtime premiums for any hours worked over forty per week.

40. Eagle's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

41.	Azure's experiences are therefore typical of the experiences of the Putative Class Members.

42.	The specific job titles or precise job locations of the various Putative Class Members do not prevent class or collective treatment.

43.	Azure has no interest contrary to, or in conflict with, the Putative Class Members. Like each member of the proposed classes, Azure has an interest in obtaining the unpaid overtime wages owed under federal law.

44.	Azure's claims are typical of the Putative Class Members claims. Azure and the Putative Class Members Class Members have sustained damages arising out of Eagle's illegal and uniform employment policy.

45.	Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### CAUSE OF ACTION—FLSA VIOLATIONS

46.	Azure incorporates all preceding paragraphs.

47.	As set forth herein, Eagle violated the FLSA by failing to pay Azure and the Putative Class Members overtime at a rate not less than time and one-half their regular rates of pay for all hours worked in excess of 40 in a workweek, 29 U.S.C. § 207(a), and in shaving the hours of Azure and the Putative Class Members.

48.	Eagle knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Azure and the Putative Class Members proper overtime compensation.

49.	Eagle's failure to pay overtime premiums to Azure and the Putative Class Members was neither reasonable nor made in good faith. Moreover, Eagle's failure to pay overtime premiums was willful.

50. Accordingly, Azure and the Putative Class Members are entitled to overtime wages in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages or double damages, attorney's fees, and costs. 29 U.S.C. § 216(b).

### RELIEF SOUGHT

51. Wherefore, Azure prays for judgment against Eagle as follows:

    (a) For an order certifying this case as a collective action pursuant to 29 U.S.C. §216(b) for the purposes of the FLSA claims;

    (b) For an order finding Eagle liable for violations of federal wage laws with respect to Azure and all Putative Class Members covered by this case;

    (c) For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Azure and all Putative Class Members covered by this case;

    (d) For a judgment awarding Azure and all Putative Class Members covered by this case their attorneys' fees, costs, and expenses of this action;

    (e) For a judgment awarding Azure and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

    (f) For all such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

**MORELAND VERRETT, P.C.**
700 West Summit Drive
Wimberley, Texas 78676
Tel: (512) 782-0567
Fax: (512) 782-0605

By: */s/ Douglas B. Welmaker*
    Douglas B. Welmaker
    Texas State Bar No. 00788641
    doug@morelandlaw.com

Edmond S. Moreland, Jr.
Texas State Bar No. 24002644
**MORELAND VERRETT, P.C.**
700 West Summit Dr.
Wimberley, TX 78676
Phone  512 782 0567
Fax     512 782 0605
doug@morelandlaw.com

**ATTORNEYS FOR PLAINTIFFS**